BASKIN, Judge
(dissenting).
I disagree with the opinion of the majority of this court denying certiorari. In my view, defendants’ rights against unlawful search and seizure under the Fourth Amendment were violated by the unauthorized clandestine surveillance of the men’s, restroom in the Coral Gables Bus Terminal by police officers.
Defendants were in the rest room in which two one-way glass mirror observation *931 areas were located in the ceiling permitting officers to observe the entire men’s rest room. Defendants were observed engaging in homosexual activities and charged with committing unnatural and lascivious acts. A sign on the back wall announced, in English only, that the rest room was under 24-hour surveillance by police. No testimony was presented as to whether defendants could read English.
In Katz v. United States, 389 U.S. 347, 357, 88 S.Ct. 507, 514, 19 L.Ed.2d 576, 585 (1967), the court stated:
Searches conducted without warrants have been held unlawful “notwithstanding facts unquestionably showing probable cause,” Agnello v. United States, 269 U.S. 20, 33, 46 S.Ct. 4, 6, 70 L.Ed. 145, for the Constitution requires “that the deliberate, impartial judgment of a judicial officer * * * be interposed between the citizen and the police * * Wong Sun v. United States, 371 U.S. 471, 481-482, 83 S.Ct. 407, 414, 9 L.Ed.2d 441. “Over and again this Court has emphasized that the mandate of the [Fourth] Amendment requires adherence to judicial processes,” United States v. Jeffers, 342 U.S. 48, 51, 72 S.Ct. 93, 95, 96 L.Ed. 59, and that searches conducted outside the judicial process, without prior approval by judge or magistrate, are per se unreasonable under the Fourth Amendment — subject only to a few specifically established and well-delineated exceptions.
The cases cited by the majority, State v. Coyle, 181 So.2d 671 (Fla.2d DCA 1966) and Moore v. State, 355 So.2d 1219 (Fla.1st DCA 1978), followed principles enunciated prior to the decision of the Supreme Court of the United States in Katz, supra. Moore, supra, is distinguishable from the case at bar since in Moore defendants were in plain view, and the officer was in a place where he had the legal right to be.
In the case before this court, defendants had a legitimate expectation of privacy from observation through the ceiling conducted without prior magistrate approval. The surveillance, on a 24-hour basis without regard to probable cause requirements, was unreasonable.
[C]riminal acts are often committed inside rest rooms within plain view of any member of the public who should happen to enter. Under such circumstances, the police need not resort to clandestine observation to apprehend individuals involved in such activities. When law enforcement officers suspect that crimes are being perpetrated, they are as free to enter rest rooms as is any member of the public. Should they discover from a location open to the public, the commission of criminal acts, their observation of what is in plain view involves no search, and is not subject to the strictures of the Fourth Amendment.
People v. Triggs, 8 Cal.3d 884, 506 P.2d 232, 106 Cal.Rptr. 408 (1973).
For these reasons, I would grant certiora-ri to review the decision of the circuit court in its appellate capacity, which constitutes a departure from essential requirements of law, and reinstate the original order entered by the trial court suppressing evidence relating to the unlawful search and seizure.